[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Donell Burton, appeals the judgment of the Hamilton County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the trial court's judgment.
In 1984, Burton was convicted of two counts of rape. The court sentenced him to a lengthy term of incarceration. In July 2001, he was again brought before the trial court and adjudicated a sexual predator.
In a single assignment of error, Burton now argues that the sexual-predator adjudication was against the manifest weight of the evidence. We find no merit in the assignment.
In a sexual-predator proceeding, the prosecution is required to prove by clear and convincing evidence that the defendant has been convicted of a sexually-oriented offense and that he is likely to engage in the future in one or more sexually-oriented offenses.[1] In making the determination of whether the defendant is likely to commit future sexually-oriented offenses, the trial court must consider the factors listed in R.C. 2950.09(B)(2).[2]
Here, the record demonstrates that the trial court had carefully considered the necessary factors in determining that Burton was likely to engage in one or more sexually-oriented offenses in the future. At the time of the offenses, Burton was on parole. He was twenty-seven years of age, and the victims were sixteen. Burton accosted the girls while they were on their way to school, took them to a secluded place at gunpoint, and orally raped them. While in prison, Burton participated in the Polaris program for sexual offenders, but he was expelled prior to completing it. He was also disciplined for asking a corrections officer to engage in sexual relations with him in the institution. Finally, a court-appointed psychologist expressed the opinion that Burton was a danger to re-offend.
Although Burton points to evidence of rehabilitation, such as his completion of college degree programs, our review of the record convinces us that the trial court properly classified Burton a sexual predator. Therefore, the assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] See R.C. 2950.01(E); State v. Eppinger (2001), 91 Ohio St.3d 158,163, 743 N.E.2d 881.
[2] This was the version of the statute that was in effect at the time of the trial court proceedings. The factors are now listed in R.C.2950.09(B)(3).